FILED

2008 May-27  PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| PENNY FOURT, R.A. FOURT by Penny Fourt as wife and next of friend to R.A. Fourt, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | 7:07-CV-01806-LSC |
| | ] | |
| TEACH ME TO TRADE, *et al.*, | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration Defendants Teach Me To Trade's, Whitney Education Group, Inc.'s, and Wealth Intelligence Academy's ("Defendants") Motion to Dismiss (Doc. 18), filed on February 19, 2008.[1]

---

[1]Defendants originally filed a motion to dismiss on October 25, 2007, asserting three grounds upon which the complaint should be dismissed: 12(b)(1), 12(b)(3), and 12(b)(7). (Doc. 4.)  These issues were briefed by the parties.  On February 11, 2008, Plaintiffs filed an amended complaint.  (Doc. 17.)  Based on the amended complaint, Defendants filed a revised motion to dismiss (Doc. 18), in which they voluntarily withdrew the 12(b)(3) and 12(b)(7) grounds for dismissal, without prejudice.  The Court finds that Defendants' original motion to dismiss (Doc. 4) is moot.  However, the Court will consider the arguments found in the original motion to dismiss and the parties' responses to the motion in addressing the revised motion to dismiss.

Plaintiffs Penny Fourt and R.A. Fourt, by Penny Fourt as wife and next of friend, ("Plaintiffs") filed suit against Defendants, asserting claims of constructive trust, unjust enrichment, assumpsit, fraud, conversion, rescission, and combined and concurring negligence.[2]   In their amended complaint, Plaintiffs allege that this Court has jurisdiction over this matter because the parties are diverse and the "amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000."  (Doc. 17 at ¶ 19.) Defendants move to dismiss this cause of action for lack of subject matter jurisdiction.  The issues raised in Defendants' motion to dismiss have been briefed by the parties and are now ripe for consideration.  The motion is due to be denied.

II.    Facts.[3]

Plaintiff Penny Fourt is a resident of the State of Alabama.  Defendants Teach Me to Trade, Whitney Education Group, Inc., and Wealth Intelligence Academy are foreign corporations doing business by agent in Alabama.

_____

[2]In Plaintiffs' original complaint, they also asserted a claim of breach of contract. However, it appears that Plaintiffs have abandoned this claim since it was not included in the amended complaint.

[3]Unless otherwise indicated, the facts are taken as alleged in Plaintiffs' amended complaint.

Defendants all have physical addresses in Cape Coral, Florida.

Plaintiffs allege that Teach Me To Trade offers an internet course regarding trading stock called "Trade Seeker."  Whitney Education Group, Inc., in conjunction with Teach Me To Trade and Wealth Intelligence Academy, produces and manufactures tapes and written materials for the "Trade Seeker" course.  Plaintiffs contend that Defendants forwarded course materials to Plaintiff R. A. Fourt ("Fourt"), who subsequently entered into a contract with them for the course.  Plaintiffs allege that as a result of Fourt's major health conditions and use of prescribed medications, which impaired his ability to make decisions, he  was not mentally capable of entering into a contract with Defendants.  Plaintiffs also maintain that Defendants represented to Penny Fourt that she had thirty days to cancel the contract.  However, to date, Defendants have not credited Plaintiffs the $14,901 course fee.  Plaintiffs seek compensatory and punitive damages in an amount that exceeds $75,000.

III.    Standard of Review.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian*

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Since federal courts are courts of limited jurisdiction, subject matter jurisdiction must exist before a court can decide any issues presented in the case.  *See id.*  A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction either facially or factually.  *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).  "'Facial attacks' on the complaint 'require[] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for purposes of the motion." *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  On the other hand, "'[f]actual attacks' . . . challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"  *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.2d at 511).

Procedurally, facial and factual attacks differ substantially.  *See Lawrence*, 919 F.2d at 1529.  "On a facial attack, a plaintiff is afforded

safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the

court must consider the allegations of the complaint to be true." *Lawrence*,

919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.

1981)).  However, "when the attack is factual, the trial court may proceed

as it never could under Rule 12(b)(6) or Fed. R. Civ. P. 56." *Lawrence*, 919

F.2d at 1529.  Since the court's ability to exercise jurisdiction over the case

is at issue in a factual 12(b)(1) motion, "there is substantial authority that

the trial court is free to weigh the evidence and satisfy itself as to the

existence of its power to hear the case.   In short, no presumptive

truthfulness attaches to plaintiff's allegations, and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the

merits of jurisdictional claims.*" Id*.  The burden of proof on a Rule 12(b)(1)

motion is on the party averring jurisdiction.  *Gilmore v. Day*, 125 F. Supp.

2d 468, 471 (M.D. Ala. 2000) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446

(1942)).

IV.   Discussion.

Federal courts have diversity jurisdiction over civil actions between

citizens of different states when the amount in controversy exceeds

$75,000, exclusive of interest and costs.[4]  *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  The parties do not dispute that complete diversity of citizenship exists and the facts alleged appear to demonstrate complete diversity.  Therefore, the Court must ascertain only whether the amount in controversy requirement is met.

In cases brought in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  This Court will not dismiss a case for lack of subject matter jurisdiction under 28 U.S.C. § 1332 unless it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* at 289; *Broughton v. Fla. Int'l Underwriters*, 139 F.3d 861, 863 (11th Cir. 1998)(quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994)).  "However, where jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on

---

[4]"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1) (2006).

which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted).   A prayer for damages is indeterminate where the "complaint does not allege a specific amount of damages." *Id.* at 808 (quoting *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

"Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc.*, 320 U.S. 238, 240 (1943).  This Court's decision regarding the jurisdictional amount cannot be swayed by an assumption that the necessary amount of punitive damages would be set aside as excessive.  *Id.* at 243.

The determination of whether the requisite amount in controversy exists is a federal question; however, federal courts must "look to state law to determine the nature and extent of the right to be enforced in a diversity case." *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961); *see also Broughton*, 139 F.3d at 863.  Under Alabama law, "[p]unitive damages may not be awarded in any civil action . . . other than in a tort action where it

is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." ALA. CODE § 6-11-20(a) (1975).[5]  In this context, fraud is defined as follows:

> An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

ALA. CODE § 6-11-20(b)(1).  In addition, Alabama law places a statutory limit on an award of punitive damages.  *See* ALA. CODE § 6-11-21(a) (1975).  Where punitive damages are permitted, "no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater." *Id*.

In this case, Plaintiffs have alleged that the amount in controversy exceeds $75,000.  Among the claims asserted by Plaintiffs is an allegation of fraud, for which Plaintiffs are seeking both compensatory and punitive

---

[5]Civil Actions for wrongful death under Alabama Code §§ 6-5-391 and 6-5-410 are an exception to this rule.  *See* ALA. CODE § 6-11-29 (1975).

damages.  Plaintiffs adequately set forth the underlying facts upon which their fraud claim is based. In their response to Defendants' motion to dismiss, Plaintiffs cite numerous Alabama cases in which punitive damages have been awarded for fraud.  Based upon the case law and Alabama Code § 6-11-20(a), the Court is satisfied that punitive damages are available for fraud claims, and that Alabama law permits an award of punitive damages large enough to satisfy the amount in controversy requirement for diversity jurisdiction.[6]

Defendants argue that Plaintiffs have not met their burden of proving by a preponderance of the evidence that their claims meet the jurisdictional minimum because Plaintiffs are seeking an indeterminate amount of damages. Defendants cite *Bradley v. Kelly Services, Inc.,* for the proposition that "[a] conclusory allegation . . . that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet [Plaintiffs'] burden." 224 Fed. Appx. 893,

---

[6]Defendants note that Plaintiffs' actual damages are not likely to exceed $17,489.  (Doc. 10 at 3.)  Using this calculation, Plaintiffs' must be able to recover at least $57,511.01 in punitive damages in order to satisfy the jurisdictional amount requirement.  Under the facts set forth by Plaintiffs, Alabama law would allow up to $500,000 in punitive damages.  *See* ALA. CODE § 6-11-21(a) (1975).

894 (11th Cir. 2007)(quoting *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002)).  Unlike *Bradley*, Plaintiffs' assertion that the jurisdictional minimum is satisfied is not conclusory.  To the contrary, Plaintiffs have alleged fraud and have set forth the underlying facts supporting their claim.

Defendants also argue that punitive damages are not available because Plaintiffs have no basis for their fraud claim.  Defendants argue that, assuming representations were made to Plaintiffs that they had thirty days to cancel the contract, Plaintiffs' reliance on these representations was not justifiable because the contract clearly states otherwise.  This is, of course, an attack on the merits of Plaintiffs' fraud claim.  "Where the defendant's challenge to the Court's jurisdiction is also a challenge to the existence of a cause of action, the proper course of action for the district court is to find that jurisdiction exists . . . ." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).  In such cases, the defendant is forced to proceed under either Rule 12(b)(6) or Rule 56—both of which provide a greater level of protection to Plaintiffs.  *Id.*

Defendants also cite *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003), for the proposition that the mere citation

to previous cases is insufficient to meet Plaintiffs' burden of showing that the amount in controversy requirement is satisfied. *McKinnon* was a declaratory judgment action brought by the insurer on an insurance policy with a $50,000 limit. Despite the policy limit, the plaintiff claimed that the amount in controversy exceeded $75,000 because the defendant insured had threatened to sue for bad faith failure to pay an insurance claim. Thus, in order to show that the amount in controversy requirement was satisfied, the plaintiff was forced to speculate as to the value of the defendant's claim against it. This task was further complicated because the defendant represented to the court that it did not seek and would not accept damages in excess of $74,000. The plaintiff offered no evidence to rebut the defendant's representation. Against that backdrop, the Eleventh Circuit held that mere citation "to a number of Alabama cases where courts have awarded punitive damages well in excess of $75,000 for bad faith failure to pay" was insufficient to satisfy the plaintiff's burden of proving by a preponderance of the evidence that the claim exceeded $75,000. *McKinnon*, 329 F.3d at 809. This case is distinguishable from *McKinnon*.

Further, Defendants contend that the cases which Plaintiffs cite in support of their allegation that the requisite jurisdictional amount is met "are all irrelevant to the current claims."  First, Defendants maintain that none of the cases Plaintiffs cited "dealt with a non-commercial consumer contract for goods and services and, therefore, are not comparable claims." Even so, at least some cases involving non-commercial consumer contracts for goods and services support Plaintiffs' allegations.  *See, e.g.*, *S. States Ford, Inc. v. Proctor*, 541 So. 2d 1081 (Ala. 1989) (affirming jury award of $1,779 compensatory and $70,000 punitive damages where car salesman made misrepresentations to buyer about certain charges to manufacturer's "sticker price" of new automobile); *Fruehauf Corp. v. Welch*, 519 So. 2d 502 (Ala. 1988) (affirming jury award of $9,000 compensatory and $100,000 punitive damages where seller of trailer made fraudulent misrepresentations to buyer).  Second, Defendants argue that the cases Plaintiffs' cite were decided prior to the enactment of Alabama Code § 6-11-21.  Section 6-11-21(a) imposes a statutory limit on punitive damages equal to the greater of three times the compensatory damages or $500,000.  ALA. CODE § 6-11-21(a). However, in both *Proctor* and *Fruehauf*, § 6-11-21(a) would have capped

punitive damages at $500,000, well above the punitive damages actually awarded.

Thus, the Court concludes that Plaintiffs have established that the amount in controversy in this case exceeds $75,000.

V.    Conclusion.

Defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is DENIED.

Done this 27th day of May 2008.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

153671